IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DARRELL PARKS,** | : | Civil No. 1:15-cv-1514 |
| **Plaintiff,** | : | |
| v. | : | |
| **S. ARGUETA, et al.,** | : | |
| **Defendants.** | : | Judge Sylvia H. Rambo |

### M E M O R A N D U M

Before the court is a Report and Recommendation (Doc. 39) filed by the Magistrate Judge in which she recommends that Plaintiff Parks' action be dismissed for failure to prosecute, or alternatively, that remaining Defendants' motion to dismiss and for summary judgment be granted based on the merits. The Report and Recommendation was filed on December 5, 2016, and objections were due on December 19, 2016. As of the date of this memorandum and accompanying order, objections have not been filed.

## I.   Background

At the time Plaintiff filed this complaint, he was an inmate at the United States Penitentiary in Lewisburg, Pennsylvania ("USP Lewisburg"). Plaintiff named forty-two USP Lewisburg officials as defendants in their individual and official capacities. (Doc. 1.) After initial screening of the complaint, a report and recommendation was filed recommending that Plaintiff's claim for injunctive relief be dismissed, as well as his claim against ten Defendants. (Doc. 9.) This report and

recommendation was adopted. (Doc. 14.) Plaintiff's remaining claims against thirty-two Defendants consist of retaliation, sexual harassment, assault and battery, cruel and unusual punishment, excessive force, and inadequate medical care/deliberate indifference. (*See* Doc. 1.)

**II. Discussion**

The Magistrate Judge recommends that Defendants' motion to dismiss and for summary judgment be granted on the basis that Plaintiff failed to timely oppose the motion after being granted three extensions of time in which to do so. (Doc. 39, pp. 1-2.) Said failure is in violation of Middle District Local Rule 7.6. Plaintiff was aware of his obligation pursuant to the court's Standing Practice Order. (Doc. 5, p. 2.) While this court believes that the facts of this case would support a dismissal under Local Rule 7.6, both the Magistrate Judge and this court believe that, in abundance of caution, the action will be dismissed after an analysis of the factors set forth in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863, 868 (3d Cir. 1984).

The court must balance the following factors under *Poulis* in determining whether to dismiss a case:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which

>entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

*Poulis*, 747 F.2d at 868. The Magistrate Judge thoroughly addressed each of these factors. (Doc. 39, pp. 10-29.)

### A.  **Party's personal responsibility**

Plaintiff filed this action *pro se* and is therefore responsible for prosecuting this action. (*Id.* at 10.) He has been responsible for the requirement to file an opposition brief and has failed to do so even though he was provided three extensions of time. (*Id.*) This factor favors Defendants.

### B.  **Prejudice to the adversary**

In this case, the thirty-two Defendants are faced with excessive and possible irremedial burdens or costs due to Plaintiff's delay in resolving the issues in this matter. (*Id.* at 11.) Thus, this factor favors defendants.

### C.  **History of dilatoriness**

The Magistrate Judge ordered Plaintiff to file a brief in opposition to Defendants' motion by April 11, 2016. (Doc. 29) After being granted three extensions of time, the Magistrate Judge set the final deadline for Plaintiff's response as October 7, 2016. (Doc. 38.) No responsive brief or other supporting documents were filed. The Magistrate Judge's conclusion that this factor favors Defendants is correct. (Doc. 39, pp. 11-12.)

**D.   Willfulness or bad faith**

Plaintiff had six months to file his response to Defendants' motion. (*Id.* at 13.) During this time, Plaintiff filed three motions for extensions of time. (*Id.*) His failure to file a response cannot be attributed to mere negligence. The Magistrate Judge appropriately found that Plaintiff's failure to file a response to Defendants' motion amounts to willfulness. Once again, this factor weighs in favor of Defendants.

**E.   Effectiveness of alternate sanctions**

The Magistrate Judge opines that by proceeding *pro se* and *in forma pauperis* Plaintiff would not be able to pay monetary damages as a sanction. (*Id.* at 13-14.) The only other recourse would be to grant another extension of time, which this court believes would not be effective in light of the lack of response to previous extensions. Accordingly, this factor weighs in favor of Defendants.

**F.   Meritoriousness of claim**

The Magistrate Judge thoroughly examined this issue. (*See id.* at 14-29.) She comprehensively discussed the law applicable to Defendants' claim that Plaintiff failed to exhaust administrative remedies prior to filing this action. (*Id.* at 14-21.) She found that over the period of time covered in the complaint, a total of fifty-five administrative complaints were filed, twelve of which were exhausted. (*Id.* at 18.) Of those twelve, only five were potentially pertinent to this lawsuit setting forth claims of inadequate medical care/deliberate indifference. (*Id.*) These claims

covered treatment for sarcoidosis and mental health issues (bipolar disorder). (*Id.* at 19.)

The Magistrate Judge examined the medical records showing the treatment provided by Defendants (*Id.* at 21-27) and opined that the undisputed facts, as provided in Defendants' statement of undisputed facts submitted with this motion, did not establish a deliberate indifference claim to Plaintiff's medical needs.

### III.  Conclusion

All of the *Poulis* factors weigh in favor of dismissal and support the Magistrate Judge's recommendation that the motion to dismiss and for summary judgment be granted on the merits.

An appropriate order will issue.

s/Sylvia Rambo<br>
SYLVIA H. RAMBO<br>
United States District Judge

Dated: January 18, 2017