IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DARRELL PARKS,** : | Civil No. 1:15-cv-1514 |
| : | |
| Plaintiff, : | |
| : | |
| v. : | |
| : | Judge Sylvia H. Rambo |
| **S. ARGUETA, et al.,** : | |
| : | Magistrate Judge Schwab |
| Defendant. : | |

**M E M O R A N D U M**

Before the court is Plaintiff Darrell Parks' ("Park") motion to alter or amend judgment. (Doc. 44.) The motion will be deemed to be a motion for reconsideration of this court's memorandum and order of January 18, 2017. (Docs. 41 & 42.)

**I.     Background**

On August 14, 2016, Parks filed pro se a *Bivens* action. The case was referred to a magistrate judge who filed a report and recommendation on December 5, 2016 recommending that the action be dismissed after careful analysis of the factors set forth in *Poulis v. State Farm Fire and Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984). Objections to the report and recommendation were due on December 19, 2016. As of January 18, 2017, no objections were filed. On January 31, 2017, the memorandum and order of this court (Docs. 41 & 42) were returned

as undeliverable.[1] The address was verified, updated, and resent. There is no indication in the record that the report and recommendation was not deliverable. On February 9, 2017, Parks filed the instant motion.

In his motion for reconsideration, Parks alleges that this court erred in dismissing his case pursuant to Rule 41(b) because it failed to consider the *Poulis* factors (Doc. 44, p. 2) and because it did not give him an opportunity to explain his failure to comply with its order before dismissing his case *sua sponte* (*id.* at 3).

## II. Legal Standard

Motions for reconsideration serve primarily to correct manifest errors of law or fact in a prior decision of the court. *See United States v. Fiorelli*, 337 F.3d 282, 288 (3d Cir. 2003). Under Rule 59(e), "a judgment may be altered or amended if the party seeking reconsideration establishes at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). Motions for reconsideration may also be appropriate in instances "where, for example, the [c]ourt has patently

---

[1] On August 4, 2015, a standing order (Doc. 5) was issued advising the parties of their briefing and other responsibilities which including the responsibility to notify the clerk of any changes in addresses. Parks did not do this.

misunderstood a party, or has made a decision outside the adversarial issues presented to the [c]ourt by the parties, or has made an error not of reasoning but of apprehension." *Reaves v. Pa. State Police*, Civ. No. 09-cv-2549, 2014 WL 486741, *3 (M.D. Pa. Feb. 6, 2014) (quoting *Rohrbach v. AT&T Nassau Metals Corp.*, 902 F. Supp. 523, 527 (M.D. Pa. 1995)). "A motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the [c]ourt and the litigant." *Ogden v. Keystone Residence*, 226 F. Supp. 2d 588, 606 (M.D. Pa. 2002). "Likewise, reconsideration motions may not be used to raise new arguments or present evidence that could have been raised prior to the entry of judgment." *Hill v. Tamac Corp.*, Civ. No. 05-cv-1148, 2006 WL 529044, *2 (M.D. Pa. Mar. 3, 2006) (citing *McDowell Oil Serv., Inc. v. Interstate Fire & Cas. Co.*, 817 F. Supp. 538, 541 (M.D. Pa. 1993)).

### III.   Discussion

The magistrate judge and this court did address the six factors set forth in *Poulis*. (*See* Doc. 39, pp. 9-12; Doc. 41, pp. 2-4.) However, both the magistrate and this court also considered the merits of Parks' case and dismissed the complaint. The only remaining issue in the case was a deliberate indifference to Parks' medical needs. The undisputed facts supported the grant of a motion to dismiss and for summary judgment based on lack of merit.

Parks claims that he did not have a sufficient opportunity to explain his failure to comply with its order. (Order not identified by Parks.)

Throughout this proceeding, Parks has failed to file a brief in opposition to the motion to dismiss and for summary judgment after being ordered to do so several times by the magistrate judge and being granted three extensions of time to do so.

Parks' complaint was not dismissed *sua sponte* alone, but after a thorough discussion of the merits of the case.

The motion for reconsideration will be denied.

   s/Sylvia H. Rambo
SYLVIA H. RAMBO
United States District Judge

Dated: February 15, 2017